IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lamont Whitner, #263066, ) | C/A No. 6:15-1779-CMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| The Division of Appellate Defense; ) | |
| Office of the Attorney General of South ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Samuel Lamont Whitner ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Broad River Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff filed this action without using a court form, and he entitled it "Notice of Appeal Pursuant to 28 U.S.C. § 1291, Appeal from the South Carolina Supreme Court, App. Case No. 2014-001951." [Doc. 1 at 1.] He seems to appeal the South Carolina Supreme Court's April 8, 2015, order related to his pro se motion of waiver of representation and preliminary injunction, which appears to relate to his post-conviction relief ("PCR") action. [*Id.*; Doc. 1-2 at 4.] He attached a copy of the state court's order that denied his said motion. [Doc. 1-2 at 1.] Petitioner alleges he was convicted in November of 2009 of criminal sexual conduct ("CSC") with a minor, first degree, and sentenced to 30

years imprisonment.[1] [*Id.* at 2–4.] He contends his conviction was obtained by using an intercepted recorded conversation in violation of wiretapping laws that the South Carolina Court of Appeals did not suppress, even though the circuit court judge had ordered it to be suppressed. [*Id.* at 3.]  Further, Petitioner alleges his conviction and sentence were affirmed on direct appeal, and he filed a PCR action on February 8, 2013.  [*Id.* at 4.] He appears to contend that he was not served with the disposition of the PCR action, and that is the reason he filed the motions in the South Carolina Supreme Court.  [*Id.*]

On the original document construed as the Complaint, Plaintiff named the Division of Appellate Defense and the Office of the Attorney General of South Carolina as the Defendants. [Doc. 1 at 1.] However, on the civil complaint form submitted in response to this Court's proper form Order, Plaintiff appears to name as Defendants Karen C. Ratigan, Esquire, Sen. Assistant Att. Gen., employed at the Attorney General Office of South Carolina ("Ratigan"), and Robert M. Dudek, Esquire, Division of Appellate Defense ("Dudek"). [Doc. 1-4 at 2.] He also submitted proposed service documents for Ratigan and Dudek.  He seems to allege that Ratigan and Dudek committed abuse of the legal process in his state proceedings and there was an absence of probable cause for his conviction. [*Id.*]  Essentially, Plaintiff alleges Ratigan and Dudek have abused the legal process by obstructing "a lawful discovery of an absence of probable cause." [*Id.* at 3.] He contends

---

[1] This Court takes judicial notice that Plaintiff was found guilty by a jury of CSC on November 4, 2009, in the Greenville County Court of General Sessions.  *See* Greenville County Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, (enter "Samuel L. Whitner" and "search,"  click on "J483581" and "Charges") (last visited June 30, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

that he is entitled to injunctive relief to cure Defendants' misconduct so that he can pursue his legal right of appeal. [*Id.* at 3–4.] Plaintiff alleges he has a pending appellate case No. 2014-001951 before the South Carolina Supreme Court[2], and Defendants are again committing "abuse of process." [*Id.*]

For his relief, Plaintiff requests that this Court enter an injunction for prospective relief to "resolve the existing controversy regarding the legal right that which the Plaintiff is entitled per the 4th Amendment . . . 18 U.S.C.A. 2515 bars illegal wiretap to be disclosed in any action the absence of probable cause can be discovered only per judgment of this Court." [*Id.* at 5.]

Because this Court could not discern whether Plaintiff is seeking a writ of habeas corpus or a civil rights action pursuant to § 1983, it required Plaintiff to answer a special interrogatory. [Doc. 8 at 1–2.] Plaintiff answered the interrogatory that this action is pursuant to § 1983 for injunctive relief due to the violation of his constitutional rights. [*Id.*] He again contends that he is entitled to "justifiable judicial procedures . . . per the U.S. Constitution as well as per the S.C. Constitution. . . . Defendants that indeed obstructs

---

[2]In response to this Court's special interrogatories, Plaintiff confirmed that his state PCR case is pending on appeal. [Doc. 8 at 1.] This Court also takes judicial notice that Plaintiff's PCR action appears to be pending on appeal. *See* Greenville County Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx, (enter "Samuel L. Whitner" and "search," click on "2013CP2300765" and "Actions") (last visited June 30, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

lawful elicitation of a deprivation of probable cause and preventing it discovery." [*Id.* at 2.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A©, and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because Plaintiff fails to state a claim on which relief may be granted. Although Plaintiff does not directly state it, by bringing this action he implicitly seeks to overturn his state CSC conviction. In this action, he seeks to prove that Defendants violated wiretapping laws in obtaining his conviction, which, if proved, would indicate the unlawfulness of his conviction. Plaintiff, however, is barred from bringing this § 1983 claim because he is currently serving a sentence for a conviction that has not yet

been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson,* 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding squarely applies to this case. Plaintiff alleges a jury found him guilty of CSC in state court, and he received a sentence of thirty years imprisonment. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. In fact, he alleges that the appeal in his PCR action is pending in state court; thus, he is currently pursuing a PCR action to overturn his conviction. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence,

which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.

Even if Plaintiff does allege a cognizable § 1983 claim that is not barred by *Heck*, he still fails to state a claim on which relief may be granted. First, Plaintiff originally failed to properly name a person as a defendant, and, as discussed above, one of the elements of a § 1983 claim is that a "person" acting under the color of state law committed the misconduct. Neither the Division of Appellate Defense nor the Office of the Attorney General of South Carolina constitute a "person" subject to suit under § 1983. Although suing an entire department, division, or office may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Of course, even if Plaintiff intends to name Ratigan and Dudek as Defendants, and they do constitute "persons" subject to suit, this action should still be dismissed. Ratigan, an attorney allegedly employed by the South Carolina Attorney General's Office, has prosecutorial immunity from this suit, and Dudek, an attorney allegedly employed by the Division of Appellate Defense, did not act under color of state law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a

criminal defendant is not ordinarily considered a state actor); *Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673, at *5–6 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

June 30, 2015<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).